**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | |
|---|---|
| Yolanda H., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.: 22-cv-50381 |
| v. ) | |
| ) | Magistrate Judge Margaret J. Schneider |
| Leland Dudek, ) | |
| Acting Commissioner of Social Security,[1] ) | |
| ) | |
| Defendant. ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Plaintiff, Yolanda H., seeks review of the final decision of the Commissioner of the Social Security Administration denying her disability benefits. For the reasons set forth below, Plaintiff's motion to reverse and remand the Commissioner's decision [22] is denied and the Commissioner's motion for summary judgment [27], is granted.

**BACKGROUND**

**A.     Procedural History**

On January 13, 2021, Yolanda H. ("Plaintiff") filed an application for disability and disability insurance benefits. R. 658. Plaintiff also filed an application for supplemental security income on January 14, 2021. In both applications, Plaintiff alleged a disability beginning on March 5, 2020. *Id.* The Social Security Administration ("Commissioner") denied her applications on April 9, 2021, and upon reconsideration on August 3, 2021. *Id.* Plaintiff filed a written request for a hearing on August 9, 2021. *Id.* On December 8, 2021, a telephonic hearing was held by Administrative Law Judge ("ALJ") Jessica Inouye where Yolanda H. appeared and testified. Plaintiff was represented by counsel. *Id.* At the hearing, an impartial vocational expert, Roxanne Benoit, also testified. *Id.*

Plaintiff previously filed for the same benefits on June 4, 2018, alleging disability beginning May 25, 2018. *Id.* A hearing was held on February 13, 2020, and on March 4, 2020, ALJ James Wascher issued a decision finding Plaintiff not disabled. *Id.* The Appeals Council denied Plaintiff's request for review, and Plaintiff appealed that decision to this Court. This Court entered an order on October 9, 2024, affirming the Commissioner's decision. *See* Case No. 3:20-cv-50497 [31].

On February 25, 2022, ALJ Inouye issued her written opinion regarding this claim denying Plaintiff's claims for disability insurance benefits. R. 658-668. Plaintiff appealed the decision to

---

[1] Leland Dudek is substituted for Martin O'Malley pursuant to Federal Rule of Civil Procedure 25(d).

the Appeals Council, and the Appeals Council denied Plaintiff's request for review. R. 1-7. Plaintiff now seeks judicial review of ALJ Inouye's decision, which stands as the final decision of the Commissioner. *See* 42 U.S.C. § 405(g); *Schmidt v. Astrue*, 496 F.3d 833, 841 (7th Cir. 2007). The parties have consented to the jurisdiction of this Court. *See* 28 U.S.C. § 636(c); [10]. Now before the Court are Plaintiff's brief in support of her motion to reverse and remand the Commissioner's decision [22], the Commissioner's motion for summary judgment, and response to Plaintiff's brief [27], and Plaintiff's reply brief [28].

### B. The ALJ's Decision

In her ruling, the ALJ followed the statutorily required five-step analysis to determine whether Plaintiff was disabled under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). At step one of the five-step analysis, the ALJ found that Plaintiff had engaged in substantial gainful activity for a portion of the alleged period of disability; however, her work activity did not cover the entire alleged period of disability and, regardless, the ALJ found an independent basis for denying Plaintiff's application. R. 661-62. At step two, the ALJ found that Plaintiff had the following severe impairments: diabetes with peripheral neuropathy, non-proliferative retinopathy of the left eye, carpal tunnel syndrome, cervical spine degenerative disc disease, bilateral hip degenerative joint disease, knee osteoarthritis, and lumbar spine degenerative disc disease. R. 662. The ALJ found that these impairments significantly limited Plaintiff's ability to perform basic work activities. *Id*. At step three, the ALJ found that Plaintiff did not have an impairment or combination or impairments that met or medically equaled the severity of an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1. R. 663.

Before step four, the ALJ found that Plaintiff had a residual functional capacity ("RFC") to perform sedentary work except that she could not climb ladders, ropes, or scaffolds, but she could occasionally climb ramps or stairs. She could do no balancing, but she could occasionally stoop, kneel, crouch, or crawl. She could frequently handle and finger bilaterally. She must avoid concentrated exposure to hazards such as unprotected heights or machinery with unguarded moving mechanical parts. She had the ability to perform tasks with frequent near and far visual acuity but should not be required to drive at night for job tasks. She should be able to use a cane to ambulate. R. 664. At step four, the ALJ found that Plaintiff was able to perform past relevant work as a receptionist and eligibility specialist, finding that this work does not require performance of work-related activity precluded by Plaintiff's RFC. R. 668. Because Plaintiff was found to have the capacity to perform her past relevant work, the ALJ did not need to proceed to step five. The ALJ concluded that Plaintiff was not disabled under the Social Security Act at any time from March 5, 2020, through the date of decision, February 25, 2022. *Id*.

### STANDARD OF REVIEW

The reviewing court evaluates the ALJ's determination to establish whether it is supported by "substantial evidence," meaning "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moore v. Colvin*, 743 F.3d 1118, 1120-21 (7th Cir. 2014) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). While substantial evidence is "more than a mere scintilla, . . . the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (internal quotation marks and citation omitted). The substantial

evidence standard is satisfied when the ALJ provides "an explanation for how the evidence leads to their conclusions that is sufficient to allow us, as a reviewing court, to assess the validity of the agency's ultimate findings and afford [the appellant] meaningful judicial review." *Warnell v. O'Malley*, 97 F.4th 1050, 1052 (7th Cir. 2024) (internal quotation marks and citation omitted). An ALJ "need not specifically address every piece of evidence but must provide a logical bridge between the evidence and [the] conclusions." *Bakke v. Kijakazi*, 62 F.4th 1061, 1066 (7th Cir. 2023) (internal quotation marks and citation omitted); see also *Warnell*, 97 F.4th at 1054; *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001) ("While we have never required an ALJ to address every piece of evidence or testimony in the record, the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits.").

The court will only reverse the decision of the ALJ "if the record compels a contrary result." *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021) (internal quotation marks and citation omitted). The court is obligated to "review the entire record, but [the court does] not replace the ALJ's judgment with [its] own by reconsidering facts, reweighing or resolving conflicts in the evidence, or deciding questions of credibility. . . . [The court's] review is limited also to the ALJ's rationales; [the court does] not uphold an ALJ's decision by giving it different ground to stand upon." *Jeske v. Saul*, 955 F.3d 583, 587 (7th Cir. 2020).

## DISCUSSION

Plaintiff argues substantial evidence did not support the ALJ's conclusions in that the ALJ failed to build a logical bridge to her conclusion, and in that she improperly played doctor. The Court concludes that the ALJ's opinion is well-supported by substantial evidence, and she did not improperly play doctor.

First, Plaintiff argues that the ALJ "mischaracterized" Plaintiff's treatment by claiming in her decision that there was "very little in substantive treatment records." [22], p. 4. For completeness, the ALJ stated: "The undersigned notes that despite the voluminous number of pages in the record, there is very little in terms of substantive treatment records. The records that are on file reflect that the claimant did not present complaints of symptoms on a consistent basis and objective clinical findings are not consistent with the claimant's present allegations." R. 665. The ALJ's decision then analyzed Plaintiff's treatment records. The decision reviewed Plaintiff's diabetes, noting that physical exams revealed that Plaintiff had diminished sensation to her feet, consistent with a peripheral neuropathy diagnosis; however, the ALJ found that these limitations were belied by the extent of her daily activities. *Id*. Next, the ALJ acknowledged Plaintiff's back and hip pain, including Plaintiff's improvement through physical therapy and noted that diagnostic imaging showed degenerative changes to be minimal or mild in nature. *Id*. The ALJ also noted Plaintiff poor balance and light headedness. Despite a specific attributable condition linked to this alleged condition, the ALJ provided a sedentary exertion range in the RFC. R. 666. The decision also evaluated Plaintiff diabetic retinopathy in the left eye, noting the records reflected that treatment would improve or stabilize the condition. *Id*. The ALJ also thoroughly reviewed Plaintiff's treatment records as to carpal tunnel syndrome. The ALJ found that Plaintiff experienced trouble with her hands for years, and in October 2021, underwent surgical intervention. Plaintiff followed up with occupational therapy and was released from post-surgical care two months later. Examinations showed that Plaintiff had well-healed incisions, minimal swelling, good strength,

3

and full range of motion. The ALJ stated: "Medical records fail to demonstrate severely reduced ability to use the hands as alleged. Rather, the claimant only sought and pursed treatment rather recently, with improvement, noted and demonstrated." *Id*.

The ALJ also took into account Plaintiff's Disability Determination Explanation. She found these conclusions mostly persuasive and consistent with the medical evidence of record, but made adjustments to the RFC based on new medical evidence as well as testimony at the hearing. Additionally, the ALJ considered the limitations articulated by Plaintiff's primary care provider and other general medical advice reflected in the record, as well as a third-party statement. R. 667. After considering all of the evidence of record, the ALJ determined that impairments could reasonably be expected to cause the alleged symptoms, but Plaintiff's statements as to the intensity, persistence, and limiting effects of those symptoms was not entirely consistent with the record as a whole. However, the ALJ did account for Plaintiff's degenerative conditions, including obesity and peripheral neuropathy, and found that Plaintiff was limited to sedentary work activity. *Id.*

As noted above, this court cannot "reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute our judgment for the ALJ's determination so long as substantial evidence supports it." *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021). Additionally, the court will reverse an ALJ decision "'only if the record compels a contrary result.'" *Id*. quoting *Borovsky v. Holder*, 612 F. 3d 917, 921 (7th Cir. 2010). Additionally, as recently noted by the Seventh Circuit, "our review proceeds with a light touch." *Thorlton v. King*, 127 F.4th 1078, 1080 (7th Cir. 2025). Here, the ALJ built a logical bridge to her conclusions, her review of Plaintiff's treatment records was thorough, and her subsequent RFC was based on substantial evidence.

Plaintiff next argues that that the ALJ incorrectly found that Plaintiff's activities of daily living to be inconsistent with disability. The ALJ found that Plaintiff's alleged limitations were contradicted by the extent of her daily activities. R. 665. The ALJ noted that Plaintiff lived with her six grandchildren in a two-story house. Evidence revealed that Plaintiff was able to climb the steps of her home on a daily basis. Plaintiff testified that she engaged in some work activity and the ALJ found that Plaintiff was independent in all of her daily activities. *Id*. Plaintiff's argument is based, in part, on a functional report from Plaintiff's nephew, Plaintiff's statements to her providers, and her own testimony.

When assessing a claimant's subjective symptom allegations, an ALJ considers several factors, including the objective medical evidence, the claimant's daily activities, her level of pain or symptoms, aggravating factors, medication, course of treatment, and functional limitations. 20 C.F.R. § 416.929(c); SSR 16-3p. Because of the unique position of the ALJ to observe the claimant, this Court will normally not disturb such a credibility determination when it is supported with explanation. *Nelson v. Apfel*, 131 F.3d 1228, 1237 (7th Cir. 1997). "As long as an ALJ gives specific reasons supported by the record, [this Court] will not overturn a credibility determination unless it is patently wrong." *Grotts v. Kijakazi*, 27 F.4th 1273, 1279 (7th Cir. 2022). An ALJ's assessment is patently wrong if the decision lacks any explanation or support. *Cullinan v. Berryhill*, 878 F.3d 598, 603 (7th Cir. 2017). Here, the ALJ took into account Plaintiff's activities of daily living, as well as the family reports and Plaintiff's testimony, and concluded that Plaintiff did have work-related limitations; however, the ALJ found that Plaintiff retained a capacity to work within the restrictions set forth in the RFC. The Court finds that the ALJ's decision is based on her credibility determinations and not patently wrong.

4

Plaintiff also argues that the ALJ improperly "played doctor" by (1) failing to consider the combination of Plaintiff's impairments; (2) ignoring physical examination abnormalities; (3) not considering Plaintiff's swollen legs; (4) not considering her uncontrolled symptoms; and (5) failing to acknowledge that the state agency consultants did not support their analysis. The Court finds all arguments without merit.

The ALJ should "rely on expert opinions instead of determining the significance of particular medical findings themselves." *Moon v. Colvin*, 763 F.3d 718, 722 (7th Cir. 2014). While generally discretionary, "[t]he use of a medical expert can help ALJs resist the temptation to 'play doctor', a label that usually produces a remand on judicial review, by evaluating medical evidence on his or her own." *Gebauer v. Saul*, 801 F. App'x 404, 408 (7th Cir. 2020). Once the expert's testimony is considered, "the ALJ is entitled to accept any part of an expert's testimony or reject it completely." *Serpico v. Berryhill*, No. 16-CV-7374, 2017 WL 4633214, at * 7 (N.D. Ill. Oct. 16, 2017) (quoting *Glass v. Astrue*, 263 Fed. Appx. 526, 529 (7th Cir. 2008). However, the ALJ must support her discounting of expert testimony by substantial evidence. *Id*.

First Plaintiff argues that the ALJ failed to consider the combined effects of Plaintiff's impairments. Specifically, she argues that the ALJ should have considered the impact of obesity on her other impairments, such as her advanced hepatic fibrosis, uncontrolled diabetes, and uncontrolled hypertension. The Court disagrees. The ALJ acknowledged that obesity could contribute to the severity of other conditions. To that end, the ALJ fully considered Plaintiff's obesity under the guidance of Social Security Ruling 19-2p (direction on how to establish that a person has a medically determinable impairment of obesity and how to evaluate it in disability claims). The ALJ stated that neither Plaintiff's medical record nor Plaintiff's signs and symptoms indicated that Plaintiff's obesity was an impairment or that it would affect other impairments. The ALJ found that Plaintiff's obesity was non-severe, both alone and in combination with other medically determinable impairments. R. 663. Additionally, the ALJ accounted for Plaintiff's obesity by limiting her RFC to sedentary work. R. 667. Plaintiff's argument appears to be based on the fact that she did not agree with the ALJ's outcome. However, this Court will not replace its judgment for that of the ALJ. *Jeske*, 955 F.3d at 587.

Next, Plaintiff complains that the ALJ ignored physical examination abnormalities, including an abnormal gait, balance problems, positive straight leg raising test, pain provocation test, and a slump test. Plaintiff notes that physical therapy records showed her strength level as a 3/5. An ALJ is not required to consider every piece of evidence in the record. *See Langley v. O'Malley*, No. 22-3008, 2024 WL 3649021, at * 4 (7th Cir. Aug. 6, 2024) ("We require only that an ALJ 'consider the entire record'; they are not obligated to 'rely entirely on a particular physician's opinion or choose between the opinions [of] any of the claimant's physicians.'" (quoting *Schmidt*, 496 F.3d at 841)). The ALJ considers the record as a whole when crafting the RFC. Significantly, the ALJ took into account Plaintiff's limitations when concluding that she could perform work at a sedentary level. Again, it appears that Plaintiff is asking this Court to reweigh the evidence that the ALJ took into consideration. The Court will not do that.

Plaintiff argues that the ALJ minimized the evidence of Plaintiff's swollen legs. However, the ALJ did acknowledge this concern: "The undersigned observed that on occasion the claimant has had some edema in the lower extremities. However, the claimant's condition, especially when

5

[compliant] with treatment to address edema and using compression, does not demonstrate a durational limitation mandating elevation of her legs at all times during the relevant period." [667]. The Court cannot find that the ALJ "minimized" this evidence, but used the evidence in the record to come to a reasonable conclusion. Again, this Court will not reweigh the evidence or substitute its judgment for that of the ALJ. *Gedatus*, 994 F.3d at 900.

Relatedly, Plaintiff argues that the ALJ failed to consider her uncontrolled symptoms, including a liver condition, and difficulty controlling blood sugar and blood pressure. Plaintiff takes the position that she could not be a "consistent" employee and would take longer to perform tasks due to her not feeling well. [22], p. 10. This argument is speculative and unavailing. "[A] claimant bears the burden of proving their disability. Establishing the existence of an impairment is not enough. A claimant must present evidence of limitations affecting their capacity to work." *Thorlton*, 127 F.4th at 1081-82 (citations and quotations omitted). Plaintiff has failed to provide the Court with evidence to support her position that her "uncontrolled symptoms" would prevent her from performing work tasks at a reasonable pace.

Finally, Plaintiff argues that the state agency consultants did not support their analysis. The state agency consultants determined that Plaintiff could perform work at a sedentary level. Plaintiff argues this determination fails to take into account whether Plaintiff would have balance issues in the workplace, would need to elevate her legs, could use her hands without limitations, would likely be absent or off-task, had impairments which had worsened since the previous ALJ decision, had leg swelling which would impact her ability to perform sedentary work, and had polyneuropathy which would impact her hands and legs. Plaintiff's position is that the ALJ played doctor by determining that her physical examination showed that she could perform sedentary work.

Drs. Leong and Western provided Disability Determination Explanations for Plaintiff. Plaintiff argues their evaluations fail to include limitations as noted above. However, the ALJ determined that their findings were mostly persuasive because they were consistent with the medical evidence of record. While Plaintiff argues that the ALJ succumbed to playing doctor by determining that Plaintiff could perform sedentary work, it is well settled that "the determination of a claimant's RFC is a matter for the ALJ alone – not a treating or examining doctor – to decide." *Thomas v. Colvin*, 745 F.3d 802, 808 (7th Cir. 2014). *See also* 20 C.F.R. § 404.1527(d) ("…the final responsibility for deciding [your residual functional capacity] is reserved to the Commissioner"). Plaintiff has provided no persuasive argument that the ALJ erred by relying on the state agency consultants' findings. Nor does Plaintiff provide the Court with a medical opinion that she believes the ALJ should have relied upon. The Court, again, emphasizes that it will not reweigh the evidence or substitute its judgment for the ALJ's determinations. *Wilder v. Kijakazi*, 22 F.4th 644, 650-51 (7th Cir. 2022) ("An ALJ need not specifically address every piece of evidence but must provide a 'logical bridge' between the evidence and [her] conclusions. The court will not reweigh the evidence or substitute its judgment for that of the ALJ." (citations and quotations omitted)). The ALJ did not err in relying on the opinions of the state agency consultants.

## CONCLUSION

For the reasons stated above, Plaintiff's motion to reverse and remand the Commissioner's decision [22] is denied and the Commissioner's motion for summary judgment [27], is granted.

Date: April 14, 2025          ENTER:

*Margaret J. Schneider*
United States Magistrate Judge